E-FILED
Friday, 02 March, 2007  12:08:15 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| JOSEPH A THOMAS, | ) |
| Plaintiff, | ) No.06-1018 |
| v. | ) |
| CITY OF PEORIA, | ) |
| Defendant. | ) |

### O R D E R

Before the Court is Plaintiff's Motion to Amend.  [Doc. 44.]  For the following reasons, Plaintiff's Motion is DENIED.

### BACKGROUND

This case has two separate issues: 1) Plaintiff claims false arrest, and 2) Plaintiff challenges the constitutionality of the underlying arrest warrant (the warrant was for someone else's unpaid parking tickets).  This Court denied Plaintiff's constitutional challenge and his corresponding effort for class certification seeking to represent all individual arrested by the City of Peoria for unpaid parking tickets.  However, the case was allowed to proceed on the claim for false arrest. (Order, February 2, 2007.)  Plaintiff's counsel now seeks an entry of Judgment under rule 54(b) for the claims that have been denied or for a stay of proceedings to obtain a substitute class representative to take the matter up on appeal.

**ANALYSIS**

The Federal Rules of Civil Procedure provide a means for a plaintiff seeking class certification to file an interlocutory appeal.  Under Rule 23(f) a plaintiff is given ten days from the date of entry of the order denying class certification to appeal the order to the Court of Appeals.  Plaintiff, in this case, presumably did not file his request to the Court of Appeals in time and would now like this Court to amend its previous order to allow Plaintiff to take his claim up on appeal.

Specifically, Plaintiff would like the Court to amend its previous order under Fed.R.Civ.P. 54(b) and enter an order "finding that there is no just reason to delay enforcement or appeal of [the Court's previous order]."  However, there is still the remaining claim which is before the Court which needs to be resolved.  Plaintiff's counsel has only made legal arguments.  For this Court to grant a motion under Rule 54(b) this Court must find that "there is no just reason for delay." Plaintiff's counsel has not given the Court any reason why Plaintiff's claim for false arrest can simply be put on hold while the Seventh Circuit addresses the class issue.  No matter which way the Appellate Court rules, the case will still need to return to this Court to address Plaintiff's claim for false arrest.  This Court finds that it is more expeditious and fair

to all the parties to have the false arrest claim dealt with first before this case is taken up on appeal.

In the alternative, Plaintiff requests that the Court stay its previous order and obtain a substitute class representative. In that case, the current Plaintiff could settle his claim for false arrest and a new plaintiff could take the issue up on appeal.  If Plaintiff is willing to settle his remaining claims, Plaintiff is free to reach an agreement.  Plaintiff will then be free to appeal this Court's ruling.  See e.g., Omega Healthcare Investors, Inc v. Res-Care, Inc., 475 F.3d 853 (7th Cir. 2007)(In which the District Court dismissed one count and the parties settled the remaining counts so the Plaintiff could appeal the Court's order).  However, this Court will not allow Plaintiff's counsel to further delay proceedings by searching for additional class representation on the supposition that Plaintiff might settle his claims.

## CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion to Amend is DENIED.

ENTERED this  2nd  day of March, 2007.

                                        s/ Joe Billy McDade  
                                             Joe Billy McDade  
                                   United States District Judge