## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| JOSEPH A. THOMAS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF PEORIA, ILLINOIS, *a Political* ) <br> *Subdivision of the State of Illinois*, and ) <br> SONNI WILLIAMS, *Assistant* ) <br> *Corporation Counsel of the City of Peoria,* ) <br> *in Her Individual and Official Capacities*, ) <br> ) <br> Defendant. ) | Case No.  06-cv-1018 |

## **O R D E R  &  O P I N I O N**

On October 19, 2009, Defendant, Sonni Williams, submitted her Bill of Costs in this matter to the Court, judgment having been entered against Plaintiff. (Doc. 73). Defendant seeks $1,928.03 in computerized research fees (including PACER fees), $466.00 in photocopying fees, and $74.76 in delivery service charges; these costs total $2,468.79. Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920 provide that costs other than attorney's fees are to be granted to a prevailing party. Plaintiff does not contest that Defendant is the prevailing party, but objected to Defendant's Bill of Costs on November 3, 2009, arguing that the computerized research fees and photocopying expenses are not recoverable. (Doc. 73).

Before turning to Plaintiff's objections, it must be noted that Haroco v. American National Bank & Trust of Chicago provides that the costs of printing appellate briefs on appeal are to be requested in the appellate court, not the district court, and that a district court may not award these costs under Federal Rule of

Civil Procedure 54 or 28 U.S.C. § 1920. 38 F.3d 1429, 1440 (7th Cir. 2004). On the other hand, Federal Rule of Appellate Procedure 39 provides that costs for "the preparation and transmission of the record" can be taxed in the District Court. Here, a significant portion of Defendant's claimed photocopying costs, as well as Defendant's Federal Express charges, are for costs incurred after the judgment was entered in this Court on July 14, 2008. It was unclear from the original Bill of Costs whether these were incurred in printing or shipping appellate briefs, or in preparing and shipping the record. On November 25, 2009, the Court directed Defendant to submit an explanation of these charges. (Text Order of 11/25/09). Defendant complied with this order on November 30, 2009. (Doc. 77).

Defendant explains that the post-judgment photocopying expenses were incurred "in preparing this matter for appeal." (Doc. 77 at 2). As the Court specifically directed Defendant to note whether the charges were associated with preparing the <u>record</u> for the Court of Appeals, and Defendant did not say that they were, the Court understands this explanation to mean that they were incurred in connection with Defendant's preparations of her appeal briefs. Therefore, this Court cannot award Defendant the $429.20 in costs incurred for photocopying after July 14, 2008. <u>Haroco</u>, 38 F.3d at 1440.

On the other hand, Defendant explains that $74.76 in Federal Express fees were incurred to send "records" to the Court of Appeals. (Doc. 77 at 2). Federal Rule of Appellate Procedure 39 allows the District Court to award costs incurred in the "transmission of the record" to the Court of Appeals. Therefore, Defendant's Federal Express expenses will be granted.

Turning to Plaintiff's objections, Plaintiff first objects to Defendant's photocopying charges. As noted above, only the pre-judgment photocopying expenses are at issue; Defendant claims $36.80. Plaintiff cites two District Court cases from outside of this Circuit for his assertion that "photocopying costs are not among the costs listed as taxable in 28 U.S.C. § 1920." (Doc. 75 at 1). To the contrary, under the plain terms of 28 U.S.C. § 1920(4), photocopying expenses are clearly recoverable. In addition, Plaintiff claims that there was no need to make photocopies in this case, as all papers submitted to the Court are submitted electronically. However, § 1920 does not state that only charges for photocopies submitted to the Court are taxable, just that they must be "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Defendant included an affidavit with her original Bill of Costs which asserts that these copies were "actually, reasonably, and necessarily incurred in this matter." (Doc. 73 at 4). The Court finds that the expenditure of $36.80 in photocopying costs is a reasonable one, considering the fact that this case involved a Motion to Dismiss, a Motion for Class Certification, and Motions for Summary Judgment. Therefore, costs for photocopying will be taxed in the amount of $36.80.

Next, Plaintiff objects to Defendant's claim of costs for computerized legal research. Defendant list two categories of "computerized legal research:" PACER fees and other "computer research." On November 19, 2009, the Court directed Defendant to submit a more detailed explanation of the costs she seeks to recover as PACER fees, including whether these fees were incurred in completing legal research, or in obtaining official records. (Text Order of 11/19/09). Defendant

complied with this direction on November 24, 2009, and specified that the PACER fees were incurred in obtaining official records for use in the case. (Doc. 76). As Defendant used PACER to obtain official records for use in this case, these costs will be allowed in the amount of $9.36.[1]

The bulk of Defendant's claimed costs are for other computerized legal research in the amount of $1,918.67. Plaintiff argues that computerized legal research fees are not recoverable, as research is an item of the law firm's overhead.[2] In support of her request, Defendant cites to Little v. Mitsubishi Motors North America, Inc., which affirmed without discussion the District Court's award of costs for computerized legal research. 514 F.3d 699, 701 (7th Cir. 2008). In Little, the defendant and the District Court relied on Burda v. M. Ecker Co., which provides that charges for computerized legal research are properly recoverable. Little v. Mitsubishi Motor Mfg. of America, Inc., 04-cv-1034, 2007 WL 1232097, *4 (C.D. Ill. Apr. 26, 2007) (citing Burda, 2 F.3d 769, 778 (7th Cir. 1993)). Little seems to say that computerized research fees are recoverable.

However, there is significant Seventh Circuit authority providing that computerized legal research costs are only recoverable as part of an attorney fee award, rather than as costs of suit. Tchemkou v. Mukasey, 517 F.3d 506, 512-13

---

[1] The PACER fees were necessary in this case, which challenged Plaintiff's mistaken arrest under an arrest warrant issued for a different man with a similar name (the warrant had Plaintiff's drivers' license number on it). (Doc. 60 at 1-2). It was therefore necessary for Defendant's counsel to obtain official records from PACER as factual information, rather than true "legal research."

[2] Plaintiff's arguments relating to the particular computerized research billing plan used by Defendant's counsel's law firm are not well-taken. Plaintiff cites no caselaw that supports the assertion that the billing plan used by counsel is relevant to the determination of whether legal research fees are recoverable.

(7th Cir. 2008) ("costs of computerized legal research are recoverable as part of an attorney-fee award");[3] Haroco, 38 F.3d at 1440-41; McIlveen v. Stone Container Corp., 910 F.2d 1581, 1584 (7th Cir. 1990).  Indeed, even in Burda, the court also awarded attorney's fees; it is not clear from the opinion whether the computerized legal research costs were awarded as part of the attorney fees, or as costs of suit.[4] Burda, 2 F.3d at 778.  In Haroco, the Seventh Circuit thoughtfully explained why computerized legal research is properly considered part of an attorney fee award, rather than costs of suit under 28 U.S.C. § 1920:

> Computerized legal research involves an attorney sitting down in front of a computer and researching legal issues by searching through a database which now includes almost every resource one would find in the country's largest law libraries.  In addition to the attorney charging the client for the time he or she spends doing this research, the companies that offer the computerized legal research services also charge a fee.  Theoretically, even though the clients now pay two fees, their ultimate bill should be lower because the attorney should be able to do the research more quickly and efficiently.  If this research had been done manually by an attorney sitting in the library reading through books rather than sitting before a computer screen, nobody would dispute that the attendant fees would be properly classified as attorney's fees and not costs.  Recognizing this, we have previously held that computer research costs "are more akin to awards under attorney's fees provisions than under costs."  McIlveen v. Stone Container Corp., 910 F.2d 1581, 1584 (7th Cir.1990).  In fact such costs are indeed to be considered attorney's fees.  The added cost of computerized research is normally matched with a corresponding reduction in the amount of time an attorney must spend researching.  Therefore, <u>we see no difference between a situation where an attorney researches manually and bills only the time spent and a situation</u>

---

[3]   Tchemkou was decided on February 22, 2008, just under a month after Little, which was decided on January 30, 2008.  Tchemkou, while noting that research fees are properly part of attorney's fees, cited Burda for the proposition that "filing fees, postage, telephone calls and delivery charges" are recoverable as costs.  Tchemkou, 517 F.3d at 512-13.

[4]    In Burda, costs and attorney's fees were awarded as part of a Rule 11 sanction.  2 F.3d at 772-73.

> where the attorney does the research on a computer and bills for both the time and the computer fee. In both cases the total costs are attorney's fees and may not be recovered as "costs."

38 F.3d at 1440-41 (emphasis added). As noted by Judge Michael Mihm of this District,[5] it seems unlikely that such well-considered reasoning would be overturned by one sentence in a case which does not even discuss the issue.[6] <u>Mason v. Smithkline Beacham Corp.</u>, 05-1252, 2008 WL 5397579 (C.D. Ill. Oct. 7, 2008). Therefore, the Court will follow <u>Tchemkou</u>, <u>Haroco</u>, <u>McIlveen</u>, and <u>Mason</u> in finding that computerized research fees are not recoverable, and denies Defendant's request for these costs.

## CONCLUSION

For the reasons set forth above, the Bill of Costs (Doc. 73) is GRANTED IN PART and DENIED IN PART. The Court awards Defendant $120.92 as costs in this case. Such costs shall be taxed in favor of Defendant and against Plaintiffs, and the Clerk is directed to enter an amended judgment to this effect.

---

[5] Contrary to the speculation in <u>Mason</u> that computerized legal research costs appear not to have been requested by the prevailing party or awarded by the District Court, this Court, having reviewed the District Court opinion in the case, notes that the prevailing party indeed requested computerized research fees and that the District Court awarded them, relying on <u>Burda</u>. See <u>Little</u>, 2007 WL 1232097, *4.

[6] The only discussion in <u>Little</u> of the computerized legal research question was contained in one sentence, with no discussion or citations: "Mr. Little contends that the award of costs for copies, computerized research, summonses, subpoenas, delivery services and a video-recorded deposition are not authorized by 28 U.S.C. § 1920. We disagree. All of the above costs are authorized by § 1920." 514 F.3d at 701. The real issue in <u>Little</u> was whether the prevailing party could recover its costs for both video-recording and stenographically recording a deposition; the Court of Appeals held that it could. <u>Id</u>. at 701-02.

Entered this <u>3rd</u> day of December, 2009.

                                                   s/ Joe B. McDade
                                               JOE BILLY McDADE
                                         United States District Judge